OPINION
Appellant Denver S. Mayle appeals a judgment of the Stark County Common Pleas Court convicting and sentencing him for Rape (R.C. 2907.02) and Domestic Violence (R.C. 2919.25)(A):
ASSIGNMENT OF ERROR NO. 1
 THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE THEREBY VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
Appellant and Heather Tinlin became involved when Heather was seventeen years old, and appellant was eighteen or nineteen years old. Over the next six years, they sporadically lived together, and had three children together. The relationship ended in early 1997, when appellant was sent to prison for receiving stolen property. Prior to that time, appellant owned a tattoo shop.
Appellant was released from jail in March of 1998. At approximately 4:00 a.m. on April 21, 1998, appellant knocked on Heather's door, and asked to come in. He looked at the children, who were sleeping. He then took his shoes off and sat down on the couch. When Heather told him he could not stay, he said he would leave after smoking a cigarette.
While in Heather's home, appellant picked up her pager, and began to go through the numbers. He continued going through her things, becoming progressively more angry. He found several "G" strings in her purse, which she used in her part-time employment as an exotic dancer. When she picked up the telephone to call the police, appellant became enraged. He grabbed her arm, threw her on the floor, and began punching her face. He placed his hands around her neck, and choked her. Appellant then pulled her pants down, and raped her. According to Heather, the sexual intercourse lasted approximately one minute.
Appellant began crying, and saying that he could not believe he screwed up so badly. He stayed at the house for about an hour, and Heather attempted to calm him down. When he left, Heather called her boyfriend, who told her he would call the police.
The police arrived, and took her to the hospital. She was treated in the emergency room for bruises to her face. The emergency room physician noticed marks on her neck and bleeding in the membranes around her eye, both associated with choking or strangling. He did not find evidence of tearing in the vagina, which he testified was not unusual in a sexual assault case.
Appellant was charge with Rape and Domestic Violence. The case proceeded to jury trial in the Stark County Common Pleas Court.
At trial, appellant testified that he went to Heather's home at four in the morning for the purpose of having sex. According to appellant, after he checked on the children, he and Heather began to kiss. He testified that she started playing "their" song, and dancing in her underwear. He testified that one thing led to another, and they had sex on the couch, lasting thirty to forty-five minutes. He testified that he kept hearing her cellular phone ring during the encounter. When he picked up her bag, "G" strings fell out, along with phone numbers of other men. When he asked her about the things he found in her bag, she lied to him, and so he started hitting her. He testified that he beat her up because she wasn't caring for the children properly. He testified that after he beat her up, he comforted her on his lap. He then gave her three cigarettes, and left the house.
The jury convicted appellant as charged. He was sentenced to a term of incarceration of eight years. He was classified as a sexually oriented offender pursuant to R.C. 2950.04, upon a stipulation.
 I
Appellant argues that the judgment convicting him of Rape is against the manifest weight and sufficiency of the evidence.
Sufficiency of the evidence is a term of art, meaning the legal standard which is applied to determine whether the case may go to the jury, or whether the evidence is legally sufficient to support the verdict as a matter of law. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. Sufficiency is a test of adequacy, and whether the evidence is legally sufficient to sustain a verdict is a question of law. Id.
Although a court of appeals may determine that the judgment is sustained by sufficient evidence, the court may nevertheless conclude that the judgment is against the manifest weight of the evidence. Id. At 387. Weight of the evidence involves the inclination of the greater amount of credible evidence, offered at trial, to support one side of the issue rather than the other.Id. In considering a claim that a judgment is against the manifest weight of the evidence, the court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witness, and determines whether in resolving conflicts in the evidence, that the jury clearly lost its way. Id. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
Appellant essentially argues that Heather Tinlin's testimony is not credible, as there is no physical evidence to support her claim of sexual assault. Although appellant admitted to assaulting her physically, he argues that because there is no evidence of physical trauma below her neck, the evidence is not consistent with sexual assault. He further argues that she had motivation to distort the truth, as appellant was attempting to establish paternity in order to obtain regular visitation rights with the children. He further argues that her testimony is incredible as she telephoned her boyfriend rather than the police.
However, Heather Tinlin testified unequivocally that appellant forced her to have sexual intercourse with him. She testified she was somewhat dazed during the sexual encounter, as he had been choking her. Michael Zorko, the emergency room doctor who treated her, testified that she informed him that she had been assaulted physically and sexually. Officer Donald Miller of the Canton Police Department testified that when he arrived on the scene, Heather was nervous, and shaky. He further testified that she explained to the police that her ex-husband had come to the house, beat her up, and forced her to have sex with him. In addition, Heather testified she was aware of no efforts by appellant to attempt to pay support through the Stark County Child Support Enforcement Agency.
The judgment is supported by sufficient evidence, and is not against the manifest weight of the evidence. The jury obviously chose to believe Heather's rendition of the incident rather than appellant's.
The assignment of error is overruled. The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur
______________________________
______________________________
 ______________________________ JUDGES
WSG:clw 0203
JUDGMENT ENTRY
CASE NO. 98-CA-00216
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed.
______________________________
______________________________
 ______________________________ JUDGES